FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

13 MAR -7 PM 4: 10

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       CASE NO. 8:13-cv-618-T-35-EAJ

ROBYN D. SOUTHERS,

    Defendant.

_____/

## COMPLAINT

Plaintiff, United States of America ("United States"), by and through the United States Attorney for the Middle District of Florida, hereby files this complaint on behalf of its agency, the United States Railroad Retirement Board (RRB), and alleges as follows:

1. This is an action for triple damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-3731, and also for damages under common law theories of Unjust Enrichment and Payment by Mistake, based upon the fraudulent conduct of Defendant Robyn D. Southers. This action, which seeks to recover overpayments made under the RailRoad Retirement Act, 45 U.S.C. § 231, et seq., is based on Defendant's false statements and concealments.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3. This Court is the proper venue of this action by virtue of 28 U.S.C. § 1391.

4. Defendant Robyn Southers resides in Hillsborough County, Florida.

5. Barbara Southers is the aunt of Robyn Southers.

6. Prior to August 2006, and continuing thereafter, Barbara Southers was receiving a survivor's annuity disability benefit from the RRB and residing on her own.

7. Alphonso Southers is the brother of Barbara Southers and the father of Robyn Southers.

8. Prior to August 14, 2006, Alphonso Southers was acting as the Representative Payee for Barbara Southers. In that capacity, Alphonso Southers was responsible for receiving Barbara Southers' monthly RRB benefit and using it in the best interest of Barbara Southers, including for her housing, food, and medical expenses.

9. On or about August 14, 2006, Alphonso Southers notified the RRB that he could no longer act as Representative Payee for Barbara Southers.

10. Also on or about August 14, 2006, Robyn Southers submitted to the RRB a signed RRB Form AA-5, "Application for Substitution of Payee."

11. On the Form AA-5, Robyn Southers sought to be substituted as Representative Payee in place of Alphonso Southers. On that Form Robyn Southers handwrote that she intended to use Barbara Southers' RRB benefits "to pay for her care."

12. On the Form AA-5, Robyn Southers also acknowledged that she had received a copy of RRB Booklet RB-5, "Your Duties as Representative Payee/Representative Payee's Record," which she was to use "to maintain a record of income received and expenditures made for the beneficiary."

13. On the Form AA-5, Robyn Southers agreed that she would "use all payments made to me on behalf of the beneficiary in the beneficiary's interest."

Further, on that Form, Robyn Southers agreed that she would immediately notify the RRB of various material changes, including "[i]f the beneficiary leaves my custody and care."

14. RRB Booklet RB-5 provides that a Representative Payee's duties are to use RRB benefits payments to provide for housing, food, and medical expenses, as well as other necessities, of the RRB beneficiary. The Booklet further provides that any benefit payments not spent on the beneficiary's needs are to be saved or invested. Lastly, the Booklet advises that, should someone cease to act as Representative Payee, then that person should turn over all benefit payments to the new Representative Payee or return those benefit payments to the RRB.

15. Beginning in August 2006, and for each month thereafter, Robyn Southers received monthly RRB benefit checks for Barbara Southers made out to "Robin [sic] Southers for B L Southers."

16. In June 2008, Barbara Southers ceased living on her own and began to reside at a Tampa-area nursing home. Robyn Southers never informed the RRB that she was no longer caring for Barbara Southers or paying her expenses. After May 2008, none of Barbara Southers' RRB benefits were used to pay for her care or expenses, including her stay at the nursing home.

17. From June 2008 through July 2009, Robyn Southers continued to receive, endorse, cash, and retain Barbara Southers' RRB benefit checks as set forth in detail below:

| Date of Check | Amount |
|---|---|
| 6/2/2008 | $ 721.76 |
| 7/1/2008 | $ 721.76 |

| Date | Amount |
|---|---|
| 8/1/2008 | $ 721.76 |
| 9/2/2008 | $ 721.76 |
| 10/1/2008 | $ 721.76 |
| 11/1/2008 | $ 721.76 |
| 12/1/2008 | $ 721.76 |
| 1/2/2009 | $ 764.70 |
| 2/2/2009 | $ 764.70 |
| 3/2/2009 | $ 764.70 |
| 4/1/2009 | $ 764.70 |
| 5/1/2009 | $ 764.70 |
| 5/28/2009 | $ 250.00 |
| 6/1/2009 | $ 764.70 |
| 7/1/2009 | $ 764.70 |
| 7/27/2009 | $ 385.60 |
| TOTAL | $ 11,040.82 |

18. From June 2008 through July 2009, Robyn Southers used Barbara Southers' above-referenced RRB benefit payments for her own purposes, later admitting in writing that she used approximately $11,477.00 of RRB benefits for her own use and, further, stating, "I know I was wrong in using [the] funds, but I just did as the checks kept coming to me." Robyn Southers did not turn Barbara Southers' benefit payments over to a new Representative Payee, and did not return those benefit payments to the RRB.

19. By virtue of the above acts and omissions, Robyn Southers improperly used and received $ 11,040.82 in RRB survivor's annuity disability benefits which were intended for the best interest of Barbara Southers, including for her housing, food, and medical expenses.

20. If the RRB had known that Robyn Southers was no longer caring for Barbara Southers or paying her expenses after May 2008, it would not have paid RRB

benefits to Robyn Southers for the benefit of Barbara Southers from June 2008 through July 2009.

## FIRST CAUSE OF ACTION
(False Claims Act: Concealment)
31 U.S.C. § 3729(a)(7) & 31 U.S.C. § 3729(a)(1)(G)

21      Paragraphs 1 through 20 are realleged as though fully set forth herein.

22.     As the RRB benefit checks in question were paid prior to and following the Amendments to the False Claims Act which became effective on May 20, 2009, and because those Amendments renumbered and redesignated the relevant provisions of the FCA, both versions of the FCA are invoked herein.

23.     By failing to disclose to the RRB that Barbara Southers was no longer in her care, and by using Barbara Souther's RRB benefit payments for her own use, the Defendant knowingly concealed, or knowingly and improperly avoided or decreased, an obligation to pay or transmit money or property to the United States, in violation of 31 U.S.C. § 3729(a)(7) and 31 U.S.C. § 3729(a)(1)(G).

24.     By virtue of the above concealments and omissions by the Defendant, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, plus a civil penalty for each violation.

## SECOND CAUSE OF ACTION
(Unjust Enrichment)

25      Paragraphs 1 through 20 are incorporated by reference as if more fully set forth herein.

26. The United States conferred a benefit on Defendant from June 2008 through July 2009 in the form of the RRB benefit checks paid to her for the care and expenses of Barbara Southers.

27. Defendant had knowledge of that benefit.

28. Defendant voluntarily accepted and retained, and has retained, that benefit without paying for same.

29. It would be inequitable for Defendant to retain that benefit without paying for it.

30. By virtue of the foregoing, the United States has suffered damages and therefore is entitled to recovery to be made whole for the benefit conferred on Defendant.

### THIRD CAUSE OF ACTION
(Payment by Mistake)

31. Paragraphs 1 through 20 are incorporated by reference as if more fully set forth herein.

32. This is a claim for the recovery of monies paid by the United States and received by the Defendant as a result of a mistaken understanding of fact.

33. The United States continued to pay RRB benefits to Defendant from June 2008 through July 2009 for the care and expenses of Barbara Southers based upon mistaken or erroneous understandings of material fact.

34. The United States, acting in reasonable reliance on Defendant's failure to notify the United States that she was no longer paying or providing for the care and

expenses of Barbara Southers, continued to issue RRB benefits checks to Defendant for the care and expenses of Barbara Southers, rendering Defendant liable to repay those monies to the United States.

## CONCLUSION

WHEREFORE, Plaintiff United States demands and prays that judgment be entered in its favor and against the Defendant as follows:

A. In the First Cause of Action, for a sum certain in the amount of $33,122.46 in triple damages and $ 176,000.00 in civil penalties, as provided by the False Claims Act, plus interest from the date of judgment.

B. In the Second Cause of Action, for a sum certain in the amount of $11,040.82, plus interest from the date of judgment.

C. In the Third Cause of Action, for a sum certain in the amount of $11,040.82, plus interest from the date of judgment.

D. Payment of costs and attorney fees as appropriate; and

E. Award of all such other relief Court deems appropriate.


March 7, 2013	Respectfully submitted,

**ROBERT E. O'NEILL**
United States Attorney

By: s/ Charles T. Harden III
**CHARLES T. HARDEN III**
charles.harden@usdoj.gov
Assistant United States Attorney
Florida Bar No. 97934
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-301-3075
Facsimile: 813-274-6198